IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)
3:16-CV-105-TBR

TERRY K. BURNETT                                                    PLAINTIFFS
7412 Preston Highway
Louisville, Kentucky 40219

v.

EQUIFAX INFORMATION SERVICES, LLC                                   DEFENDANTS
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

    SERVE:    CSC-Lawyers Incorporating Service Co.
                  421 W. Main St.
                  Frankfort, KY 40601
                  (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

    SERVE:    CT Corporation System
                  306 W. Main St., Ste. 512
                  Frankfort, KY 40601
                  (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## **VERIFIED COMPLAINT**

Comes the Plaintiff, Terry K. Burnett, and for his Verified Complaint against the Defendants, Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, LLC ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false reporting of and Defendant's failure to investigate Plaintiffs' disputes regarding alleged state tax liens.

## II. PARTIES

2. Plaintiff, Terry K. Burnett, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 7412 Preston Highway, Louisville, Kentucky 40219.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports,"

as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

10.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

11.     Prior to 2008, the Commonwealth of Kentucky filed two tax liens against Plaintiff, one in the amount of $4,068.000 and the other in the amount of $2,354.00.

12.     Plaintiff paid both tax liens in 2007 and 2008 and the Commonwealth of Kentucky contemporaneously filed Certificates of Release of Tax Lien reflecting Plaintiff's payment of the liens.

13.     In April 2015, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Equifax, Experian and Trans Union credit reports all of which were reporting the Kentucky tax liens as outstanding, unpaid and "not released."

14.     Immediately upon discovering the credit bureaus' false reporting, Plaintiff filed disputes with Equifax, Experian and Trans Union.

15.     In or around May 2015, Trans Union notified Plaintiff that it would change its reporting to reflect the release of the Kentucky tax liens.

16.     Despite the fact that Plaintiff's Equifax credit report clearly showed both tax liens as "not released," Equifax responded to Plaintiff's dispute by advising Plaintiff that the tax liens were "currently not reporting" on his Equifax credit report and thus refused to delete or amend its reporting of the tax liens.

17. Experian refused to delete or amend its reporting of the tax liens and verified the accuracy of the reporting of the tax liens on Plaintiff's Experian credit report.

18. Equifax's and Experian's false reporting and their failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Equifax's and Experian's failure to properly investigate Plaintiffs' disputes and to delete or amend their reporting of the subject tax liens.

## V. CLAIMS

### Negligence – Equifax

19. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. Equifax's failure to properly investigate Plaintiff's dispute and its consequent failure to delete or amend its reporting of the tax liens, despite Plaintiff's lawful notice to Equifax disputing Equifax's reporting of the tax liens, was negligent. In failing to properly investigate Plaintiff's dispute of the reporting of the tax liens, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

21. Equifax's negligent failure to properly investigate Plaintiff's dispute of the reporting of the tax liens and its consequent failure to delete or amend its reporting of the tax liens has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

22. Equifax's failure to properly investigate Plaintiff's dispute of Equifax's reporting of the tax liens and its consequent failure to delete or amend its reporting of the tax liens, despite

Plaintiff's lawful dispute to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

23. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. Experian's failure to properly investigate Plaintiff's dispute and its consequent failure to delete or amend its reporting of the tax liens, despite Plaintiff's lawful notice to Experian disputing Experian's reporting of the tax liens, was negligent. In failing to properly investigate Plaintiff's dispute of the reporting of the tax liens, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

25. Experian's negligent failure to properly investigate Plaintiff's dispute of the reporting of the tax liens and its consequent failure to delete or amend its reporting of the tax liens has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

26. Experian's failure to properly investigate Plaintiff's dispute of Experian's reporting of the tax liens and its consequent failure to delete or amend its reporting of the tax liens, despite Plaintiff's lawful dispute to Experian, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Equifax

27. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. Equifax, with knowledge of the falsity of its statements, has published and continues to publish false statements to individuals and/or entities who have accessed Plaintiff's Equifax credit report that the subject tax liens are outstanding, unpaid, and not released. In publishing such statements, Equifax acted with conscious disregard for the rights of the Plaintiff.

29. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

30. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Experian, with knowledge of the falsity of its statements, has published and continues to publish false statements to individuals and/or entities who have accessed Plaintiff's Experian credit report that the subject tax liens are outstanding, unpaid, and not released. In publishing such statements, Experian acted with conscious disregard for the rights of the Plaintiff.

32. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

33. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

35. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

36. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37. Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

38. Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

39. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a willful violation of Equifax's duty to

ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

41. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

42. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

43. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

44. Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

45. Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

46. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

Case 3:16-cv-00105-TBR-LLK   Document 1   Filed 02/18/16   Page 9 of 10 PageID #: 9

WHEREFORE, Plaintiff, Terry K. Burnett, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

        Respectfully submitted,

        */David W. Hemminger*
        David W. Hemminger
        HEMMINGER LAW OFFICE, PSC
        616 South Fifth St.
        Louisville, KY  40202
        (502) 443-1060
        hemmingerlawoffice@gmail.com
        *Counsel for Plaintiff*

## **VERIFICATION**

I, Terry K. Burnett, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

                                                                                                                _____

                                                                                                                Terry K. Burnett

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY | ) |
| | ) SS |
| COUNTY OF JEFFERSON | ) |

Subscribed, sworn to and acknowledged before me by Terry K. Burnett this ___ day of _____, 2015.

                                                                                                _____

                                                                                                Notary Public

                                                                                                Commission expires:_____